UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

INLIGHTEN, INC.,

    Plaintiff,

v.

ADG, LLC D/B/A GREAT EXPRESSIONS DENTAL CENTERS,

    Defendant.

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Civil Action No.: 1:14-cv-00152

Defendant, ADG, LLC (erroneously referred to in Plaintiff's Complaint as "d/b/a Great Expressions Dental Centers") (hereinafter referred to as Defendant or "Great Expressions"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiff's Complaint in the above-captioned action as follows:

## THE PARTIES

1. Plaintiff inLighten is a corporation organized and existing under the laws of the State of New York with its principal place of business at 9645 Wehrle Drive, Clarence, New York 14031.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

2. At all relevant times, inLighten was and is in the business of designing and selling proprietary digital media services and products.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

3. Upon information and belief, Great Expressions is a limited liability company organized and existing under the laws of the State of Michigan with a principal place of business at 300 East Long Lake Rd., Suite 311, Bloomfield Hills, Michigan 48304.

**ANSWER:** Great Expressions admits the allegations.

4. Upon information and belief, at all relevant times, Great Expressions was and is in the business of owning and operating locations that provide dental services throughout the United States.

**ANSWER:** Great Expressions denies the allegations as stated, but admits that ADG, LLC and its affiliated entities collectively are in the business of owning locations where dental services are provided throughout the United States.

## JURISDICTION AND VENUE

5. This action is commenced pursuant to 28 U.S.C. § 1332.

**ANSWER:** Great Expressions admits the allegations.

6. Venue is proper in the Western District of New York under 28 U.S.C. § 1391(b)(2).

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

## FACTUAL ALLEGATIONS

7. inLighten designs and offers video systems that utilize proprietary software and methods and strategies to provide customers with the tools to create a stream of customized video content and images to their audiences.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

8. While a number of vendors offer video systems that provide on-site standard video content, inLighten's proprietary software and design services are unique and make it a leader in the "narrowcasting" industry.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

9. inLighten's proprietary software and strategies are designed to attract and engage viewers, using a specific formula and template that allows the customer to select from a library of video feed selections designed by inLighten of announcements, advertisements, information, weather, news, sports and entertainment, that incorporate a prescribed duration, frequency, variation and sequence of screens and content.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

10. For example, many vendors provide video streams of standardized content, with continual looping or repetition of the same information in the same format, leading to viewer boredom and disengagement. In contrast, inLighten's proprietary system gives the customer the ability to select substantive video content, which is presented in a format designed by inLighten that varies the format of presentation to limit repetition (and viewer boredom) and engage the viewer.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

11. inLighten's proprietary tools allow each customer to customize content to address the demographics of its audience, integrating promotional material about the host's products and services into the inLighten-designed video feed at specified intervals to maximize the impact on and engagement of the viewer.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

12. inLighten creates a library of video content from multiple sources for customers' systems at its headquarters in Clarence, New York, designs the varying templates that present that content with limited repetition, hosts the content, and "streams" or sends the inLighten-designed feed of video selected by the customer from New York to monitors at its customers' locations.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

13. Customers select inLighten as their vendor to obtain access to its unique and proprietary software, services and strategies, which provide a superior video system.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

14. In January 2012, Great Expressions reached out to inLighten at its offices in Clarence, New York and requested information about inLighten's digital media products and services.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

15. Thereafter, the parties conducted lengthy and detailed negotiations, primarily by email and telephone communications, regarding the design, creation, sale and installation of digital media systems by inLighten at multiple Great Expressions locations across the United States that would incorporate video content custom-selected and combined by inLighten using its proprietary software and Great Expressions promotional content, along with ongoing design, creative and technical services.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

16. Ultimately inLighten and Great Expressions entered into a "Vendor Agreement" made as of January 14, 2013 ("Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

**ANSWER:** Great Expressions admits the allegations.

17. Pursuant to the Agreement, inLighten agreed to provide its proprietary software and hardware systems, install them at Great Expressions offices, and provide ongoing graphic, news and entertainment digital content to 188 Great Expressions dental office locations throughout the United States during an installation period, and then extending for a further term of three years, commencing upon the completion of the installations.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

18. The Agreement contemplates that inLighten would provide services from its Clarence, New York offices, including designing proprietary hardware systems, designing and creating a selection of data feeds utilizing its proprietary software, creating customized promotional content for Great Expressions, and providing ongoing creative services and technical support throughout the term of the Agreement.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

19. Great Expressions agreed to pay inLighten approximately $2.5 million during the initial term of the Agreement, including: (a) $1,789,950 for software, hardware, media and

equipment manufactured, developed or acquired by inLighten and installation and related services to be provided by inLighten; (b) an annual service charge of $173,900 for each year of the term, including content design and management, network and content hosting, and technical support; and (c) an annual service charge of $8,000 for each year of the term for creative services for creation of promotional material.

**ANSWER:** Great Expressions denies the allegations.

20. After the parties executed the Agreement, and with the full knowledge and encouragement of Great Expressions, inLighten began implementation of the Agreement by, *inter alia*, training Great Expressions personnel, creating graphics, developing promotional material, information sharing, and beginning to create the internal infrastructure required to perform its contractual obligations under the Agreement.

**ANSWER:** Great Expressions denies the allegations.

21. The Agreement required Great Expressions to make an initial payment of $591,555 within ten (10) days of receipt of initial billing from inLighten (the "Initial Payment").

**ANSWER:** Great Expressions refers to the written Vendor Agreement for its terms and otherwise denies the allegations contained in Paragraph 21 of the Complaint.

22. On or about January 23, 2013, as the Agreement provided, inLighten sent its invoice to Great Expressions for the Initial Payment of $591,555.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

23. Upon receipt of the Initial Payment from Great Expressions, the Agreement required inLighten to provide services and prepare the hardware and software for shipment to Great Expression's locations.

**ANSWER:** Great Expressions refers to the written Vendor Agreement for its terms and otherwise denies the allegations contained in Paragraph 23 of the Complaint.

24. The Agreement required Great Expressions to pay the balance due for hardware, software and services in installments within 15 days after completion of installation at each of the individual Great Expressions locations, with any remaining amounts to be paid after completion of installation at Great Expression's locations. *See* Exhibit A at ¶ 3.

**ANSWER:** Great Expressions refers to the written Vendor Agreement for its terms and otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25. The Agreement required Great Expressions to pay the annual fee for design, network and content hosting, creative and technical services after the first year of the term in semi-annual installments. See Exhibit A at ¶ 3.

**ANSWER:** Great Expressions refers to the written Vendor Agreement for its terms and otherwise denies the allegations contained in Paragraph 25 of the Complaint.

26. The Initial Payment was due within ten days of receipt of the invoice, or no later than February 2, 2013. *See* Exhibit A at ¶ 3.

**ANSWER:** Great Expressions refers to the written Vendor Agreement for its terms and otherwise denies the allegations contained in Paragraph 26 of the Complaint.

27. Great Expressions acknowledged receipt of the invoice, made no objection but rather affirmed its obligation and intention to make the Initial Payment and represented to inLighten that the invoice was being processed for payment.

**ANSWER:** Great Expressions denies the allegations.

28. On February 6, 2013, inLighten wrote to Great Expressions asking for the Initial Payment, and noting that further delay could impact pricing under the Agreement.

**ANSWER:** Great Expressions refers to the letter from February 6, 2013 for its terms and denies the characterization of that letter in Paragraph 28 of the Complaint. Great Expressions further acknowledges the letter and that it states that the deposit is the triggering event for inLighten's procurement of equipment, following which the parties negotiated potential alternative installation and payment terms and have not reached agreement on such terms.

29. inLighten also reaffirmed its readiness and willingness to proceed with its performance under the Agreement upon receipt of the Initial Payment.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

30. Thereafter, Great Expressions, unilaterally and without provocation or cause, expressed an intention to delay its performance of the Agreement to the third quarter of 2013 (i.e., July 2013).

**ANSWER:** Great Expressions denies the mischaracterization of Great Expressions' notice to Plaintiff and the parties' subsequent negotiations related to potential alternative installation and payment terms.

31. inLighten did not agree or acquiesce to any delay and again reaffirmed its readiness and willingness to proceed promptly with its performance and fulfill its own obligations under the Agreement upon receipt of the Initial Payment.

**ANSWER:** Great Expressions denies the allegations.

32. The parties have not agreed to any modification or revision to the Agreement.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations.

33. Despite due demand and without provocation or justification, Great Expressions has refused to pay the amounts due under the Agreement, acknowledge or respond to communications from inLighten or otherwise proceed with the Agreement.

**ANSWER:** Great Expressions denies the allegations.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

34. inLighten repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth herein.

**ANSWER:** Great Expressions incorporates its answers to the preceding paragraphs as though fully set forth again.

35. The Agreement is a valid and binding contract between inLighten and Great Expressions.

**ANSWER:** Great Expressions neither admits nor denies the allegations because Great Expressions lacks the knowledge or information to form a belief about the truth of the allegations and because this allegation states a legal conclusion.

36. At all relevant times, inLighten has satisfied its duties and obligations under the Agreement.

**ANSWER:** Great Expressions denies the allegations. Great Expressions further answers that inLighten violated Section 14 in about June 2013 and again in March 2014, and the Order referenced in 17.p. of the Vendor Agreement.

37. Great Expressions' failure to pay amounts due to inLighten, failure to respond or acknowledge communications from inLighten, and failure to proceed with the Agreement constitutes a repudiation and material breach of the Agreement.

**ANSWER:** Great Expressions denies the allegations.

38. Great Expressions' unilateral refusal to proceed with the Agreement or honor the terms of the Agreement is without justification and constitutes "willful misconduct" under the Agreement.

**ANSWER:** Great Expressions denies the allegations. Great Expressions further answers that it has negotiated in good faith concerning potential alternative installation and payment terms and the parties have not reached agreement on such terms.

39. The Agreement provides for recovery of attorney's fees and costs by inLighten in addition to any other remedy or relief.

**ANSWER:** Great Expressions denies the allegations.

40. Great Expressions' breach of the Agreement has caused inLighten damages in an amount to be determined at trial.

**ANSWER:** Great Expressions denies the allegations along with each and every other allegation not specifically admitted or denied above.

WHEREFORE, Great Expressions respectfully requests this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and that judgment be entered in its favor and that it be awarded its costs, inclusive of attorneys' fees and such other relief as the Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

By pleading the following as Defenses, Great Expressions does not concede that each of the matters covered by the numbered defenses must be proven by Great Expressions, and Great Expressions reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish any alleged damages. Moreover, Great Expressions reserves the right to raise additional affirmative defenses upon discovery of same. Without prejudice to its denials and other statements of its pleadings, Great Expressions alleges the following defenses:

1. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate any damages that it has purportedly suffered.

2. Plaintiff's claims are barred, in whole or in part, by the parties' contractual limitations of liability.

3. Plaintiff's claims are barred, in whole or in part, or otherwise offset by damages suffered by Great Expressions arising from Plaintiff's breach of the Agreement, including its violation of Section 14 and the Order referenced in Section 17.p. of the Vendor Agreement.

4. Plaintiff's claims are barred, in whole or in part by, the doctrines of waiver and/or estoppel.

5. Plaintiff's claims are barred, in whole or in part, by applicable Michigan UCC statutory and common law.

6. Plaintiff's claims are barred, in whole or in part, by its failure to state a claim upon which relief may be granted.

7. Plaintiff's claim to damages is barred in part by the condition precedents set forth in Sections 3 and 4 of the Agreement.

8. Great Expressions reserves the right to assert further affirmative defenses.

Dated: May 6, 2014

Respectfully submitted,

 /s/ Richard A. Braden 
Richard A. Braden
Daniel Moar
Goldberg Segalla
665 Main Street, Suite 400
Buffalo, NY 14203
(716) 566-5436 / (716) 566-5401 Fax
rbraden@goldbergsegalla.com
dmoar@goldbergsegalla.com

-and-

Jeffrey D. Wilson
Michael M. Jacob
Young Basile Hanlon & MacFarlane, PC
3001 W. Big Beaver Road, Suite 624
Troy, MI 48084
(248) 649-3333 / (248) 649-3338 Fax
wilson@youngbasile.com
jacob@youngbasile.com
*Attorneys for ADG, LLC d/b/a GREAT EXPRESSIONS DENTAL CENTERS*

***Pro Hac Vice* Motion to Follow**